1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH SMITH,

11          Plaintiff,                    No. CIV S-11-3095 JAM EFB P

12      vs.

13   MAIN COURT SACRAMENTO, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff proceeds pro se with this civil action.  This proceeding was referred to this court

17   by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

18          Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff

19   has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and

20   costs or give security therefor.  Accordingly, the request to proceed *in forma pauperis* will be

21   granted.  28 U.S.C. § 1915(a).  Determining plaintiff may proceed *in forma pauperis* does not

22   complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

23   dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is

24   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

25   relief against an immune defendant.

26   ////

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   The court is unable to determine a jurisdictional basis for this action. A federal court is a

22   court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution

23   and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic

24   federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and

25   "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint

26   (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within

2

1   the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute

2   that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369

3   U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically

4   allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.

5   28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir.

6   1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated

7   otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at

8   any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*,

9   93 F.3d 593, 594-95 (9th Cir. 1996).

10       The complaint makes no reference to federal law or a federal right. Although the

11   complaint asserts diversity jurisdiction, "[a] party invoking the federal court's jurisdiction has

12   the burden of proving the actual existence of subject matter jurisdiction." *Thompson v.*

13   *McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Plaintiff has failed to meet this burden. Because

14   plaintiff alleges no basis for diversity jurisdiction and fails to articulate a cognizable claim for

15   relief, the court must dismiss the complaint.

16       Additionally, plaintiff appears to name a judge as a defendant. However, the judge and

17   prosecutor involved in plaintiff's criminal case are both entitled to absolute immunity. "Judges

18   are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their

19   courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all

20   jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d

21   1202, 1204 (9th Cir. 1988) (per curiam). State prosecutors are also entitled to absolute

22   prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S.

23   118, 123-24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*,

24   424 U.S. 409, 427, 430-31 (1976).

25   ////

26   ////

1    However, plaintiff is granted leave to file an amended complaint that complies with Rule

2    8 and corrects the deficiencies addressed herein.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

3    Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to

4    correct any deficiency in their complaints).  Should plaintiff choose to file an amended

5    complaint, he shall identify each defendant in both the caption and the body of the amended

6    complaint, and clearly set forth the allegations against each such defendant.  He shall also

7    specify a basis for this court's subject matter jurisdiction.

8    Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

9    make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

10   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

11   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

12   plaintiff files an amended complaint, the original no longer serves any function in the case.

13   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

14   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

15   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

16   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

17   Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

18   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

19   *See* Local Rule 110.

20   Accordingly, IT IS ORDERED that:

21   1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted;

22   2.  Plaintiff's complaint is dismissed with leave to amend; and,

23   ////

24   ////

25   ////

26   ////

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE